M. RANDALL OPPENHEIMER (S.B. #77649)
roppenheimer@omm.com
CATALINA J. VERGARA (S.B. #223775)
cvergara@omm.com
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071-2899
Telephone:     (213) 430-6000
Facsimile:      (213) 430-6407

BRIAN D. BOYLE (S.B. #126576)
bboyle@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC  20006
Telephone:     (202) 383-5300
Facsimile:      (202) 383-5414

Attorneys for Defendants
CHEVRON CORPORATION and
CHEVRON CORPORATION ESIP
INVESTMENT COMMITTEE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CHARLES E. WHITE, JR., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHEVRON CORPORATION, *et al.*, <br><br> Defendants. | Case No.  4:16-cv-00793-PJH <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** <br><br> Date:            May 25, 2016 <br> Time:           9:00 a.m. <br> Judge:          Hon. Phyllis J. Hamilton <br> Courtroom:   3, 3rd Floor <br><br> Complaint Filed: February 17, 2016 <br> Trial Date:          None set |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF MOTION TO DISMISS**

**I.    INTRODUCTION**

Pursuant to Federal Rule of Evidence 201, defendants Chevron Corporation and the Chevron Corporation ESIP Investment Committee respectfully request that the Court take judicial notice of the documents attached as exhibits D through T[1] to the Declaration of Catalina Vergara ("Vergara Decl.") filed in support of defendants' Motion to Dismiss:

1) Chevron Employee Savings Investment Plan (Amendment & Restatement Effective January 1, 2010) ("Plan Document") (Vergara Decl., Ex. D);

2) Chevron ESIP Form 5500 for the period ending Dec. 31, 2010 (*id.* Ex. E);

3) Chevron ESIP Form 5500 for the period ending Dec. 31, 2011 (*id.* Ex. F);

4) Chevron ESIP Form 5500 for the period ending Dec. 31, 2012 (*id.* Ex. G);

5) Chevron ESIP Form 5500 for the period ending Dec. 31, 2013 (*id.* Ex. H);

6) Chevron ESIP Form 5500 for the period ending Dec. 31, 2014 (*id.* Ex. I);

7) Chevron ESIP Investment Policy Statement, Nov. 2015 ("IPS") (*id.* Ex. J);

8) Dodge & Cox Funds, *Income Fund Overview* (*id.* Ex. K);

9) U.S. Government Accountability Office, *401(k) Plans: Certain Investment Options and Practices that May Restrict Withdrawals Not Widely Understood* ("GAO Stable Value Report") (*id.* Ex. L);

10) DOL ERISA Advisory Counsel, *Report on Stable Value Funds and Retirement Security in the Current Economic Conditions* ("DOL Stable Value Report") (*id.* Ex. M);

11) Office of the Comptroller of the Currency, *Comptroller's Handbook: Asset Management (AM), Retirement Plan Products & Services* ("Comptroller's Handbook") (*id.* Ex. N);

---

[1] Defendants attach three complaints filed by plaintiffs' counsel against other defendants at Exhibits A through C to the Vergara Declaration. Because those pleadings are not offered for the truth of the matters asserted therein, defendants do not request that the Court take judicial notice of their contents.

12) MetLife, *2015 Stable Value Study* ("MetLife Study") (*id.* Ex. O);

13) Vanguard Funds Multiple Class Plan SEC Filing, July 2011 (*id.* Ex. P);

14) VBAIX Prospectus—Institutional Shares, Apr. 29, 2015 (*id.* Ex. Q);

15) VBINX Prospectus—Individual Shares, Apr. 29, 2015 (*id.* Ex. R);

16) Morningstar Performance Charts for the Artisan Small Cap Value Fund (*id.* Ex. S); and

17) Artisan Partners Funds' Prospectus, February 1, 2016 (*id.* Ex. T).

## II. THE EXHIBITS AT ISSUE ARE JUDICIALLY NOTICEABLE AND ARE ROUTINELY CONSIDERED BY COURTS DECIDING MOTIONS TO DISMISS CLAIMS SIMILAR TO THOSE ASSERTED BY PLAINTIFFS IN THIS CASE

Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Pursuant to the Rule, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds*, *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 1994); *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1103 (N.D. Cal. 2007) (court can take judicial notice of a document if the complaint refers extensively to it or if it forms the basis of plaintiff's claim); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (court may take judicial notice of documents that are "crucial to the plaintiff's claims, but not explicitly incorporated in his complaint" on a motion to dismiss), *overruled by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681–82 (9th Cir. 2006). The court "must take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(c).

The documents attached as Exhibits D through T to the Vergara Declaration not only satisfy this standard but also are routinely considered by courts in deciding motions to dismiss, as explained further below.

**A.     The Plan Document (Exhibit D) and the IPS (Exhibit J)**

The Plan Document and the IPS are Plan-related materials that are central to plaintiffs' claims and whose authenticity cannot be disputed. The Court may thus take judicial notice of the documents.

Plaintiffs expressly reference the Plan Document in the Complaint and cite to a number of its provisions. Compl. ¶ 8 ("The Plan is established and maintained under a written document in accordance with 29 U.S.C. §1102(a)."); ¶ 18 (discussing Sections 14.2 and 14.3 of the Plan Document); ¶ 19 (discussing Section 14.5 of the Plan Document); ¶ 21 (discussing fiduciaries named in the Plan Document). The Plan Document is also central to plaintiffs' claim that the Plan fiduciaries breached their duties to the Plan. *See Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) (finding that the settlement agreement that plaintiff alleged formed the background to defendants' purported violations was "obviously central to the claim"); *see also Chambers v. Mont. Contrs. Ass'n Health Care Trust*, 797 F. Supp. 2d 1050, 1053 (D. Mont. 2009) (finding it appropriate to consider summary plan description on motion to dismiss where the claims relied on its contents and referenced the document's provisions).

Similarly, the IPS is cited throughout the Complaint. *See* Compl. ¶¶ 20, 31, 37, 92, 98, 105, 114, 126. Plaintiffs allege that the Plan fiduciaries violated their fiduciary duties, in part, by allegedly failing to follow the IPS. *See id.* Thus, like the Plan Document, the IPS is central to plaintiffs' claims. *See Chambers*, 797 F. Supp. 2d at 1053 (where plaintiff claimed that defendants violated his rights as reflected in the plan document the claims "necessarily rely" on its contents).

The authenticity of these Plan-related documents cannot reasonably be disputed. Vergara Decl. ¶¶ 6, 12. The Plan Document and the IPS are thus judicially noticeable. Indeed, courts regularly take judicial notice of these types of plan-related materials when deciding motions to dismiss fiduciary claims similar to those asserted here. *E.g.*, *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009) (taking judicial notice of summary plan descriptions, supplements, trust agreements, and fund prospectuses on a motion to dismiss).

### B. The MetLife Study (Exhibit O)

Plaintiffs cite the MetLife Study in support of their contention that a majority of 401(k) plans offer stable value options and that stable value returns outperform those of money market funds. Compl. ¶ 30. As with the IPS, plaintiffs rely on the MetLife Study to establish a standard they assert the Plan fiduciaries violated. The study is thus central to plaintiffs' claims. *See Chambers*, 797 F. Supp. 2d at 1053. As this document was obtained from the internet address provided in the Complaint, its authenticity is not reasonably subject to dispute. Compl. ¶ 30; *see also* Vergara Decl. ¶ 17; *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (taking judicial notice of information posted on a publicly available website).

### C. The ESIP Form 5500s for 2010–2014 (Exhibits E through I)

As noted above, a court may take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts routinely take judicial notice of Form 5500s on a motion to dismiss. *See Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1125 (C.D. Cal. 2015) (taking judicial notice of Form 5500 on a motion to dismiss); *Hilton Worldwide, Inc. Glob. Benefits Admin. Comm. v. Caesars Entm't Corp.*, 532 B.R. 259, 269 n.6 (E.D. Va. 2015) (same); *Palmason v. Weyerhaeuser Co.*, No. C 11-0695 RSL, 2013 WL 1788002, at *1 (W.D. Wash. Apr. 26, 2013) (same); *Knight v. Standard Ins. Co.*, No. CIV. 07-1691 WBS EFB, 2008 WL 343852, at *2 (E.D. Cal. Feb. 6, 2008) (same). These forms are official documents filed with the Department of the Treasury, Department of Labor, and Pension Benefit Guaranty Corporation. *See* https://www.irs.gov/ Retirement-Plans/Form-5500-Corner. Exhibits E through I, the ESIP Form 5500s from 2010 to 2014, are thus judicially noticeable.

### D. Materials Filed With the SEC (Exhibits P, Q, R, and T)

Likewise, the Court may take judicial notice of materials filed with the SEC. *See, e.g., Nathanson v. Polycom, Inc.*, 87 F. Supp. 3d 966, 983 n.4 (N.D. Cal. 2015) ("Courts routinely take judicial notice of . . . SEC filings, analyst reports, stock price data, and news reports . . . ."). Like the Form 5500s, the accuracy of publicly available SEC filings is not reasonably subject to

dispute. *See id.* (materials filed with the SEC are properly subject to judicial notice); *Kramer v. Time Warner*, 937 F.2d 767, 774 (2d Cir. 1991) (upholding lower court's decision to take judicial notice of documents filed with the SEC because, among other things, "the documents are required by law to be filed with the SEC, and no serious question as to their authenticity can exist"); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277–78 (11th Cir. 1999) (reversing lower court's decision not to take judicial notice of SEC filings). The Court may accordingly take judicial notice of the following materials filed with the SEC: (1) Exhibit P, the Vanguard Funds Multiple Class Plan; (2) Exhibits Q and R, the Prospectuses for the Institutional and Individual share classes of Vanguard Balanced Index Funds; and (3) Exhibit T, the 2016 Prospectus for the Artisan Partners Funds. *See also Hecker*, 556 F.3d at 582–83 (taking judicial notice of fund prospectuses on a motion to dismiss).

### E.   Other Publicly Available Government Materials (Exhibits L, M, N)

Similarly, the GAO Stable Value Report (Exhibit L), the DOL Stable Value Report (Exhibit M), and the Comptroller's Handbook (Exhibit N), are all judicially noticeable documents published by the government and made available on government websites. The Court may take judicial notice of their contents. *See Daniels-Hall*, 629 F.3d at 998–99 (taking judicial notice of information posted on public school district websites); *County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of a description of the drug-price-control regime as well as a report posted on the HHS website).

### F.   Other Publicly Available Information Regarding Investment Options and Performance (Exhibits K and S)

Finally, as with SEC filings and other publicly available government materials, the Court may take notice of information made publicly available online where the information "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b); *Nathanson*, 87 F. Supp. 3d at 983 n.4 (in addition to SEC filings, courts may take judicial notice of news reports, analyst reports, stock price data); *see also Daniels-Hall*, 629 F.3d at 998 (taking notice of information posted on public websites).

1    Exhibit K, the Income Fund Overview of the Dodge & Cox Funds, is judicially noticeable
2    because it is publicly available on the Dodge & Cox website (at https://www.dodgeandcox.com/
3    incomefund.asp) and its accuracy cannot reasonably be questioned.  *See Nathanson*, 87 F. Supp.
4    3d at 983 n.4; *Daniels-Hall*, 629 F.3d at 998.
5    So, too, may the Court take judicial notice of the Morningstar Performance Charts for the
6    Artisan Small Cap Value Fund ("ARTVX Fund"), Exhibit S.  Plaintiffs' Complaint references the
7    Fund's performance over "one-, three-, five-, seven-, and ten-year periods" and purports to
8    compare the Fund's performance to what plaintiffs claim is the appropriate benchmark, the
9    Russell 2000 Index.  Compl. ¶¶ 92, 94, 97.  It includes two charts: (1) one that purports to
10   represent the Fund's growth compared to the Russell 2000 Index and two index funds plaintiffs
11   assert should have been offered in lieu of the ARTVX Fund prior to 2014, *id.* ¶¶ 94–95; and
12   (2) another that purports to show the Fund's historical investment returns against the Russell 2000
13   Index at one-, three-, and five-year intervals looking backward from September 30, 2014, *id*.
14   ¶ 97.[2]  The Fund's performance against the Russell 2000 Index at one-, three-, five-, seven-, and
15   ten-year intervals is thus explicitly referenced in the Complaint, and plaintiffs' allegations
16   regarding the Fund's historical performance are central to plaintiffs' claim that the Plan
17   fiduciaries acted imprudently by failing to remove the Fund "well before 2014."  *See id*. ¶ 98; *see*
18   *also Parrino*, 146 F.3d at 705–06 (proper to take judicial notice of information on which
19   plaintiff's claims depended where he referenced the fact of the information but did not expressly
20   include it in his complaint).  The Court may accordingly take judicial notice of the Morningstar
21   Performance Charts for the ARTVX Fund showing the Fund's performance against the Russell
22   2000 Index at one-, three-, five-, seven-, and ten-year intervals, which are attached as Exhibit S to
23   the Vergara Declaration.  The authenticity of these charts, which are publicly available through
24   the Morningstar website at http://quotes.morningstar.com/chart/fund/chart?t=ARTVX&region=
25   usa&culture=en_US, cannot be disputed.  *See* Fed. R. Evid. 201(b) (a court may take judicial
26   notice of facts "capable of accurate and ready determination by resort to sources whose accuracy

---

[2] Although the source of plaintiffs' charts is not specified, the Complaint references the Fund's "Morningstar category rating."  Compl. ¶ 93.

cannot reasonably be questioned"); *Voss v. Sutardja*, No. 14-CV-01581-LHK, 2015 U.S. Dist. LEXIS 8795, at *16–17 (N.D. Cal. Jan. 26, 2015) (taking judicial notice of defendant's stock register that was relied on in plaintiffs' opposition, along with a printout from NASDAQ.com showing the history of defendant's dividend payments).

### III. CONCLUSION

For the reasons stated above, defendants respectfully request that the Court take judicial notice of the documents attached as Exhibits D through T to the Vergara Declaration filed in support of defendants' Motion to Dismiss.

Dated: April 18, 2016

M. RANDALL OPPENHEIMER
BRIAN D. BOYLE
CATALINA J. VERGARA
O'MELVENY & MYERS LLP

By: /s/ *Catalina J. Vergara*
        Catalina J. Vergara

Attorneys for Defendants
CHEVRON CORPORATION and
CHEVRON CORPORATION ESIP
INVESTMENT COMMITTEE