1  M. RANDALL OPPENHEIMER (S.B. #77649)
   roppenheimer@omm.com
2  CATALINA J. VERGARA (S.B. #223775)
   cvergara@omm.com
3  O'MELVENY & MYERS LLP
   400 S. Hope Street
4  Los Angeles, CA 90071-2899
   Telephone:    (213) 430-6000
5  Facsimile:    (213) 430-6407

6  BRIAN D. BOYLE (S.B. #126576)
   bboyle@omm.com
7  O'MELVENY & MYERS LLP
   1625 Eye Street, NW
8  Washington, DC  20006
   Telephone:    (202) 383-5300
9  Facsimile:    (202) 383-5414

10 Attorneys for Defendants
   CHEVRON CORPORATION and
11 ESIP INVESTMENT COMMITTEE

12              **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14                   **OAKLAND DIVISION**

15

16 CHARLES E. WHITE, JR., *et al.*,          Case No.  4:16-cv-00793-PJH

17                Plaintiffs,               **DEFENDANTS' REQUEST FOR**
                                            **JUDICIAL NOTICE IN SUPPORT OF**
18          v.                              **DEFENDANT'S MOTION TO DISMISS**
                                            **PLAINTIFF'S AMENDED COMPLAINT**
19 CHEVRON CORPORATION, *et al.*,
                                            Date:          January 18, 2017
20                Defendants.               Time:          9:00 a.m.
                                            Judge:         Hon. Phyllis J. Hamilton
21                                          Courtroom:     3, 3rd Floor

22                                          Complaint Filed:      February 17, 2016
                                            Am. Complaint Filed:  September 30, 2016
23
                                            Trial Date:    None set
24

25

26

27

28

                                                     DEFS.' RJN ISO MOT. TO DISMISS
                                                        AMENDED COMPLAINT
                                                          4:16-CV-00793-PJH

## DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
## IN SUPPORT OF MOTION TO DISMISS

I.      **INTRODUCTION**

Pursuant to Federal Rule of Evidence 201, defendants Chevron Corporation and the
Chevron Corporation ESIP Investment Committee respectfully request that the Court take judicial
notice of the documents attached as exhibits A through L to the Declaration of Catalina Vergara
("Vergara Decl.") filed in support of defendants' Motion to Dismiss the Amended Complaint:

1) U.S. Government Accountability Office report entitled *401(k) Plans: Certain
Investment Options and Practices that May Restrict Withdrawals Not Widely
Understood* (Vergara Decl., Ex. A);

2) Vanguard newsletter entitled *Money Market Reform and Stable Value: Considerations
for Plan Fiduciaries* (*id.* Ex. B);

3) July 2012 article by Karin LaBarge entitled *Stable Value Funds: Considerations for
Plan Sponsors* (*id.* Ex. C);

4) Chevron ESIP Form 5500 for the period ending Dec. 31, 2010 (*id.* Ex. D);

5) Chevron ESIP Form 5500 for the period ending Dec. 31, 2011 (*id.* Ex. E);

6) Chevron ESIP Form 5500 for the period ending Dec. 31, 2007 (*id.* Ex. F);

7) Chevron ESIP Form 5500 for the period ending Dec. 31, 2008 (*id.* Ex. G);

8) Chevron ESIP Form 5500 for the period ending Dec. 31, 2009 (*id.* Ex. H);

9) Summary Prospectus for the Vanguard Windsor II Investor Shares ("VWNFX"), dated
February 24, 2011 (*id.* Ex. I);

10) Equity ownership of Chevron stock as of September 30, 2016, as reported by
Morningstar (*id.* Ex. J);

11) February 2012 ESIP participant newsletter entitled *Change is Coming to the ESIP:
Your Wealth* (*id.* Ex. K); and

12) 2011 Instructions for Form 5500 (*id.* Ex. L).

DEFS.' RJN ISO MOT. TO DISMISS
AMENDED COMPLAINT
4:16-CV-00793-PJH

1

2

**II.    THE EXHIBITS AT ISSUE ARE JUDICIALLY NOTICEABLE AND ARE ROUTINELY CONSIDERED BY COURTS DECIDING MOTIONS TO DISMISS CLAIMS SIMILAR TO THOSE ASSERTED BY PLAINTIFFS IN THIS CASE**

3        Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not

4    subject to reasonable dispute in that it is either (1) generally known within the territorial

5    jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

6    sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Pursuant to the

7    Rule, "documents whose contents are alleged in the complaint and whose authenticity no party

8    questions, but which are not physically attached to the pleading, may be considered in ruling on a

9    Rule 12(b)(6) motion to dismiss."  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled*

10    *on other grounds*, *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 1994); *Hoey v. Sony*

11    *Elecs. Inc.*, 515 F. Supp. 2d 1099, 1103 (N.D. Cal. 2007) (court can take judicial notice of a

12    document if the complaint refers extensively to it or if it forms the basis of plaintiff's claim); *see*

13    *Johnson v. Federal Home Loan Mortgage Corp.*, 793 F.3d 1005, 1007-08 (9th Cir. 2015) (a court

14    "may consider extrinsic evidence not attached to the complaint if the document's authenticity is

15    not contested and the plaintiff's complaint necessarily relies on it"); *see also Parrino v. FHP,*

16    *Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (court may take judicial notice of documents that are

17    "crucial to the plaintiff's claims, but not explicitly incorporated in his complaint" on a motion to

18    dismiss), *overruled by statute on other grounds as stated in Abrego v. The Dow Chem. Co.*, 443

19    F.3d 676, 681–82 (9th Cir. 2006).  "[W]here a document is incorporated by reference, it becomes

20    part of the complaint and the court accordingly assumes the truth of its contents for the purposes

21    of ruling on [a] motion to dismiss."  *In re Ubiquiti Networks, Inc. Sec. Litig.*, 33 F. Supp. 3d

22    1107, 1118 n.2 (N.D. Cal. 2014).  The court "must take judicial notice if requested by a party and

23    supplied with the necessary information."  Fed. R. Evid. 201(c).

24        The documents attached as Exhibits A through K to the Vergara Declaration not only

25    satisfy this standard but also are routinely considered by courts in deciding motions to dismiss, as

26    explained further below.

27

28

DEFS.' RJN ISO MOT. TO DISMISS
AMENDED COMPLAINT
4:16-CV-00793-PJH

1       **A.**      **Articles, Newsletters, and Websites Referenced in the Complaint (Exs. A-C, J)**

2           Materials that are incorporated by reference into the Complaint become a part of the

3 Complaint, and the court "assumes the truth of [their] contents for the purposes of ruling on [a]

4 motion to dismiss." *In re Ubiquiti Networks*, 33 F. Supp. 3d at 1118 n.2 (N.D. Cal. 2014).  The

5 Amended Complaint expressly references Exhibits A, B, C, and J to the Vergara Declaration in

6 support of plaintiffs' claims. *See* Am. Compl. ¶¶ 52 (quoting Exhibit A as evidence of the

7 performance of money market funds); 56 (excerpting from Exhibit B for the same purpose); 65

8 (citing Exhibit C for the same purpose); 36 (citing the website printed at Exhibit J to demonstrate

9 Vanguard's ownership of Chevron stock in support of plaintiffs' claims that Vanguard was

10 capable of exerting influence over Chevron through proxy voting).  A document is not "outside"

11 the complaint if the complaint specifically refers to it and its authenticity is not questioned.

12 *Branch*, 14 F.3d at 453.  Thus the Court must consider these materials along with the Amended

13 Complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

14           Not only are these materials incorporated by reference, but the Court may also take

15 judicial notice of them because they are central to plaintiffs' claim that the Chevron Employee

16 Savings Investment Plan ("Plan") fiduciaries breached their duties to the Plan. *See Sanders v.*

17 *Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  Plaintiffs "necessarily rely" on these materials to

18 provide additional factual support for their allegations that money market funds are imprudent

19 (Exhibits A-C) and that defendants imprudently and/or disloyally paid excessive recordkeeping

20 fees (Exhibit J). *See Johnson*, 793 F.3d at 1007-08.  Moreover, these materials were obtained

21 from the internet addresses provided in the Amended Complaint, and therefore their authenticity

22 is not reasonably subject to dispute. *See also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992,

23 998 (9th Cir. 2010) (taking judicial notice of information posted on a publicly available website).

24

25

26

27

28

DEFS.' RJN ISO MOT. TO DISMISS
AMENDED COMPLAINT
4:16-CV-00793-PJH

**B.     The ESIP Form 5500s for 2007–2011 and 2011 Instructions (Exhibits D-H, L)**

The Plan's Form 5500 documents filed with the Department of Labor are not only incorporated by reference into the Amended Complaint,[1] but plaintiffs' claims necessarily rely on them because they form the basis of plaintiffs estimates of the recordkeeping fees the Plan paid to Vanguard, which plaintiffs assert were unreasonably high.  Am. Compl. ¶ 122.  For these reasons, the Court should take judicial notice of Exhibits D through H and Exhibit L to the Vergara Declaration.

A court may take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Under this standard, courts routinely take judicial notice of Form 5500s on a motion to dismiss.  *See Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1125 (C.D. Cal. 2015) (taking judicial notice of Form 5500 on a motion to dismiss); *Hilton Worldwide, Inc. Glob. Benefits Admin. Comm. v. Caesars Entm't Corp.*, 532 B.R. 259, 269 n.6 (E.D. Va. 2015) (same); *Palmason v. Weyerhaeuser Co.*, No. C 11-0695 RSL, 2013 WL 1788002, at *1 (W.D. Wash. Apr. 26, 2013) (same); *Knight v. Standard Ins. Co.*, No. CIV. 07-1691 WBS EFB, 2008 WL 343852, at *2 (E.D. Cal. Feb. 6, 2008) (same).  These forms are official documents filed with—and in the case of the 2011 instructions for Form 5500, published by—the Department of the Treasury, Department of Labor, and Pension Benefit Guaranty Corporation. *See* https://www.irs.gov/ Retirement-Plans/Form-5500-Corner.  Exhibits D through H and Exhibit L are thus judicially noticeable.  *See also Nathanson v. Polycom, Inc.*, 87 F. Supp. 3d 966, 983 n.4 (N.D. Cal. 2015) (taking judicial notice of materials filed with the SEC); *County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information from the HHS website).

---

[1] Plaintiffs rely on the Form 5500s to estimate the amount of per-participant payments the Plan made to Vanguard for recordkeeping in 2010 and 2011.  Am. Compl. ¶ 122.  Plaintiffs do not specify which years' filings they consulted, but they must have at minimum relied on the 2010 and 2011 Form 5500 filings to make that estimate.  It is unclear whether they consulted the filings from prior years.

DEFS.' RJN ISO MOT. TO DISMISS
AMENDED COMPLAINT
4:16-CV-00793-PJH

1

**C.      The VWNFX Fund Summary Prospectus (Exhibit I)**

2      Similarly, courts routinely take judicial notice of materials filed with the SEC.  *E.g.,*

3  *Nathanson v. Polycom, Inc.*, 87 F. Supp. 3d 966, 983 n.4.  Like the Form 5500s, the accuracy of

4  publicly available SEC filings is not reasonably subject to dispute.  *See id.* (materials filed with

5  the SEC are properly subject to judicial notice); *Kramer v. Time Warner*, 937 F.2d 767, 774 (2d

6  Cir. 1991) (upholding lower court's decision to take judicial notice of documents filed with the

7  SEC because, among other things, "the documents are required by law to be filed with the SEC,

8  and no serious question as to their authenticity can exist"); *Bryant v. Avado Brands, Inc.*, 187

9  F.3d 1271, 1277–78 (11th Cir. 1999) (reversing lower court's decision not to take judicial notice

10  of SEC filings).  The Court may accordingly take judicial notice of the Vanguard Windsor II

11  Investor Shares Summary Prospectus filed with the SEC.  *See also Hecker*, 556 F.3d at 582–83

12  (taking judicial notice of fund prospectuses on a motion to dismiss).

13

**D.      The February 2012 ESIP participant newsletter (Exhibit K)**

14      On a motion to dismiss, the Court may consider documents that are central to plaintiffs'

15  claims but not explicitly referenced in the Amended Complaint.  *Parrino v. FHP, Inc.*, 146 F.3d

16  699, 706 (9th Cir. 1998).  A court may also consider documents that are not incorporated by

17  reference if they are in the plaintiff's possession and the plaintiff relied upon them in bringing the

18  suit.  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Fed. Treasury*

19  *Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 67, 73 (2d Cir. 2013) (interpreting

20  plaintiff's charter and two Russian Federation decrees not incorporated in the complaint to

21  determine whether plaintiff was a representative or assign under the Lanham Act); *Slater v. A.G.*

22  *Edwards & Sons, Inc.*, 719 F.3d 1190, 1196, 1205 (10th Cir. 2013) (considering a letter from

23  defendant's outside auditor approving its restated financials to rebut plaintiff's claim based on the

24  auditor's previous letter, which in isolation appeared to show a material misrepresentation).[2]

25

26

27  [2] The rule has also been recognized by other Circuit Courts of Appeal.  *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006); *Bickley v. Caremark RX, Inc.*, 461

28  F.3d 1325, 1329 n.7 (11th Cir. 2006)

DEFS.' RJN ISO MOT. TO DISMISS
AMENDED COMPLAINT
4:16-CV-00793-PJH

1    Exhibit K is an ESIP participant newsletter entitled *Change is Coming to the ESIP: Your*

2  *Wealth*, and dated February 2012.  The newsletter explained to participants the change to the

3  recordkeeping fee structure away from revenue sharing to a flat, per-participant fee beginning on

4  April 1, 2012.  Ex. K at 3.  It described that the move to a flat fee would result in a reduction of

5  investment management fees for Vanguard funds, and specified the changes to those fees.  *Id*. at

6  3, 5.  The newsletter thus disclosed to plaintiffs that Vanguard was paid for recordkeeping

7  services through revenue sharing prior to 2012 and that the recordkeeping arrangement change to

8  a flat fee after March 31, 2012, as plaintiffs allege in the Amended Complaint.  *See* Am. Compl.

9  ¶¶ 120, 125.  Accordingly, the Court may take judicial notice of Exhibit K.  *See Parrino*, 146

10  F.3d 706; *ASTI Commc'ns*, 493 F.3d at 98.

11  **III.    CONCLUSION**

12    For the reasons stated above, defendants respectfully request that the Court take judicial

13  notice of the documents attached as Exhibits A through K to the Vergara Declaration filed in

14  support of defendants' Motion to Dismiss.

15

16    Dated: October 28, 2016              M. RANDALL OPPENHEIMER
                                           BRIAN D. BOYLE
17                                         CATALINA J. VERGARA
                                           O'MELVENY & MYERS LLP
18

19                                         By: /s/ *Catalina J. Vergara*
                                                  Catalina J. Vergara
20
                                           Attorneys for Defendants
21                                         CHEVRON CORPORATION and
                                           ESIP INVESTMENT COMMITTEE
22

23

24

25

26

27

28

DEFS.' RJN ISO MOT. TO DISMISS
AMENDED COMPLAINT
4:16-CV-00793-PJH