M. RANDALL OPPENHEIMER (S.B. #77649)
roppenheimer@omm.com
CATALINA J. VERGARA (S.B. #223775)
cvergara@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:    (213) 430-6000
Facsimile:     (213) 430-6407

BRIAN D. BOYLE (S.B. #126576)
bboyle@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC  20006
Telephone:    (202) 383-5300
Facsimile:     (202) 383-5414

Attorneys for Defendants
CHEVRON CORPORATION and
ESIP INVESTMENT COMMITTEE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| CHARLES E. WHITE, JR., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHEVRON CORPORATION, *et al.*,<br><br>Defendants. | Case No. 4:16-cv-00793-PJH<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF RECENT DECISION**<br><br>Date:            January 18, 2017<br>Time:           9:00 a.m.<br>Judge:         Hon. Phyllis J. Hamilton<br>Courtroom:  3, Third Floor<br><br>Compl. Filed:           February 17, 2016<br>Am. Compl. Filed: September 30, 2016<br><br>Trial Date:     None set |

Plaintiffs have asserted that the Ninth Circuit's recent *en banc* decision in *Tibble v. Edison Int'l*, No. 10-56406, 2016 U.S. App. LEXIS 22366 (9th Cir. Dec. 16, 2016) ("*Tibble V*") supports their claim that the Chevron Plan should have chosen lower cost share classes. It does not—and plaintiffs fail to offer any pin cite or holding of *Tibble V* that supports their claims. *Tibble V* addressed two issues, neither of which is relevant to the issues before this Court on defendants' pending motion to dismiss: 1) whether ERISA's six-year statute of limitations applied, in light of the duty to monitor announced by the Supreme Court in *Tibble v. Edison Int'l*, 135 S. Ct. 1823, 1826 (2015),[1] to preclude challenges to alleged higher cost share classes adopted more than six years before the filing of the complaint (*Tibble V*, slip op. at 18–21), and 2) whether those plaintiffs had forfeited that argument (*id*. at 13–16). The *Tibble V* decision is thus of no help to these plaintiffs, who are not entitled to proceed past the pleading stage in this case, as they have failed to allege any violation of the duty to monitor by the Chevron Plan fiduciaries in the first instance. And even if *Tibble V* were procedurally relevant to this case, the allegations made by plaintiffs here are materially different from those addressed by that court; *Tibble V* is silent on the "obvious alternative explanation" for Chevron's use of certain share classes criticized by plaintiffs—namely, to pay for recordkeeping, as plaintiffs themselves allege in their Amended Complaint. (Am. Compl. ¶ 120; *see also* Dkt. 47 at 20 (detailing 10 bps recordkeeping credit for investor class shares of Vanguard funds); Dkt. 44, Vergara Decl., Ex. K at 4 (explaining that the change to fixed recordkeeping fees will result in the implementation of cheaper share classes).)

---

[1] The Supreme Court's decision preceded even plaintiffs' original Complaint here, and was briefed in both dismissal motions in this case.

1  Dated: December 27, 2016         M. RANDALL OPPENHEIMER
                                    BRIAN D. BOYLE
2                                   CATALINA J. VERGARA
                                    O'MELVENY & MYERS LLP
3

4                                   By: */s/ Catalina J. Vergara*
                                         Catalina J. Vergara
5
                                    Attorneys for Defendants
6                                   CHEVRON CORPORATION and
                                    ESIP INVESTMENT COMMITTEE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28